UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID HEARD,

Plaintiff,

v.

STATUE CRUISES, LLC,

Defendant.

1:16-cv-01079 (ALC) (RLE)

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

WACHTEL MISSRY LLP
William B. Wachtel
Elliot Silverman
Julian D. Schreibman
885 Second Avenue, 47th Fl.
New York, NY 10017
Tel: (212) 909-9500

Attorneys for Plaintiff

# TABLE OF CONTENTS

**Page**

**TABLE OF AUTHORITIES**........................................................................................ iii

**INTRODUCTION**.....................................................................................................2

**ARGUMENT**........................................................................................................... 4

I. The ADA is Applicable to Statue Cruises' Ferries................................................ 4

II. Mr. Heard has Standing to Bring a Claim for Relief Under Title III of the ADA.. 7

III. The Complaint is Not Moot.................................................................................. 9

IV. Mr. Heard has Properly Stated a Claim Under the ADA.......................................11

V. Plaintiff has Joined All Necessary Parties........................................................... 12

VI. Alternatively, Plaintiff Should be Granted Leave to Amend................................ 12

**CONCLUSION**.......................................................................................................13

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Access Now, Inc. v. Holland Am. Line-Westours, Inc.*,
147 F.Supp.2d 1311 (S.D. Fla. 2001) .......... 5

*Association for Disabled Americans, Inc. v. Concorde Gaming Corp.*
158 F.Supp.2d 1353 (S.D. Fla. 2001) .......... 5

*Au New Haven, LLC v. YKK Corp.*,
2016 WL 5477775 (S.D.N.Y. 2016) .......... 2, 7

*Azrelant v. B. Manischewitz Co.*,
2000 WL 264345 (E.D.N.Y. 2000) .......... 10

*Bernstein v. City of New York,*
621 Fed. Appx. 56 (2d Cir. 2015) .......... 7

*Camarillo v. Carrols Corp.*,
518 F.3d 153 (2d Cir. 2008) .......... 7, 11

*City of Mesquite v. Aladdin's Castle, Inc.*,
455 U.S. 283 (1982) .......... 9

*Deck v. American Hawaii Cruises, Inc.*,
51 F.Supp.2d 1057 (D. Hawaii 1999) .......... 5

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*,
528 U.S. 167 (2000) .......... 9, 10

*ICC Primex Plastics Corp. v. LA/ES Laminati Estrusi Termo-Plastici S.P.A.*,
775 F.Supp. 650 (S.D.N.Y. 1991) .......... 10

*Independent Living Resources v. Oregon Arena Corp.*,
982 F.Supp. 698 (D.C. Oregon 1997) .......... 9

*Kallen v. J.R. Eight, Inc.*,
775 F.Supp.2d 1374 (S.D. Fla. 2011) .......... 10

*Kohler v. In-n-Out Burgers,*
2013 WL 5315443 (C.D. Cal. 2013) .......... 9

*Kreisler v. Second Avenue Diner Corp.*,
731 F.3d 184 (2d Cir. 2013) .......... 7

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) ........ 7

*Mhany Mgmt. v. Cnty. of Nassau*,
819 F.3d 581 (2d Cir. 2016) ........ 9

*Pincus v. AMTRAK*,
2014 WL 5438114 (2d Cir. 2014) ........ 7, 9

*Platt v. Inc. Vill. of Southampton*,
391 Fed. Appx. 62 (2d Cir. 2010) ........ 12, 13

*Schlesinger v. Belle of Orleans LLC*,
2015 WL 5944452 (W.D. La. 2015) ........ 5

*Shain v. Ellison*,
356 F.3d 211 (2d Cir. 2004) ........ 7

*Spector v. Norwegian Cruise Line Ltd.*,
545 U.S. 119 (2005) ........ 5

*Stan v. Wal-Mart Stores, Inc.*,
111 F.Supp.2d 119 (N.D.N.Y. 2000) ........ 11

*White v. NCL America, Inc.*,
2006 WL 1042548 (S.D. Fla. 2006) ........ 5

Statutes

42 U.S.C. §12182(a) ........ 11

42 U.S.C. §12182(b)(2)(A)(iii) ........ 11

Fed.R.Civ.P. 19(a)(2) ........ 12

Fed.R.Civ.P.15(a)(2) ........ 12

28 C.F.R. Pt. 36, App. B ........ 5

28 C.F.R. §36.304(a) ........ 5

28 C.F.R. §36.40156 ........ 5

49 C.F.R. §37.109 ........ 4

56 FR 45584 (1991) ........ 4

## INTRODUCTION

The Statue of Liberty and Ellis Island – two of the greatest symbols of American freedom and opportunity – are not equally accessible to persons with disabilities. As set forth in the Complaint in this action, the ferries which provide the exclusive means for the public to visit these iconic locations do not provide equal access for wheelchair users.

No principle of the law of civil procedure is more firmly established than the rule that, in deciding a motion to dismiss for lack of jurisdiction or failure to state a claim, "the Court must accept all factual allegations in the complaint as true, and draw inferences from those allegations in the light most favorable to the plaintiff." *Au New Haven, LLC v. YKK Corp.*, 2016 WL 5477775 *2 (S.D.N.Y. 2016).

Ignoring this well-settled principle, and in an effort to evade liability at the pleading stage, Defendant Statue Cruises, LLC ("Statue Cruises") argues that: (i) regardless of inaccessibility, its ferries are beyond the reach of the Americans with Disabilities Act ("ADA") and of the corresponding State and municipal accessibility laws, and, even worse,(ii) seeks to invent and substitute its own facts for those of the well-pleaded Complaint. As set forth below, Statue Cruises' attempt to write itself out of applicable laws is meritless. As for the facts, the well-pleaded complaint plainly establishes standing and states a claim for relief. Ignoring the well-pled allegations, Statue Cruises' motion presents a two-page, conclusory declaration, unsupported by any documentary evidence, of its Chief Operating Officer and Vice President, which purports to deny most of the allegations of the Complaint. Statue Cruises asks this Court—before any discovery has taken place—to accept its conclusory denials of wrongdoing, ignore the allegations of the Complaint and dismiss this action. For the reasons set forth below, its motion should be denied in all respects.

**ALLEGATIONS OF THE COMPLAINT**

Plaintiff David Heard ("Mr. Heard") is a resident of Queens, New York. (Complaint ¶4). He is dependent on a wheelchair for mobility. (*Id*.)

The Statue of Liberty, located on Liberty Island, and the National Immigration Museum, located on Ellis Island, both in Upper New York Bay, are part of the Statue of Liberty National Monument, operated by the National Park Service ("NPS") of the U.S. Department of the Interior (Complaint, ¶18). Both islands are effectively accessible only by ferry boats (Complaint, ¶19). Under a contract between the NPS and Statue Cruises, Statue Cruises has the exclusive right to operate commercial ferry boats to those islands (Complaint, ¶¶18-19). Under that contract, Statue Cruises is required to comply with all applicable laws, including the Americans with Disabilities Act (the "ADA") (Complaint, ¶20).

On December 11, 2015, Mr. Heard purchased from Statue Cruises a ticket from Battery Park to the Statue of Liberty (Complaint, ¶22). However, when he attempted to board the ferry, the gangplank could not accommodate his wheelchair, and employees of Statue Cruises were required to place additional unstable plates at the base of the gangplank so he could board the ferry (Complaint, ¶23). The gangplank was at an excessive slope, was not sufficiently wide, and did not have adequate handrails, which resulted in making it difficult, uncomfortable and potentially dangerous for Mr. Heard to board the ferry. (Complaint, ¶24).

In addition, Mr. Heard was singled out for boarding while other passengers watched, contrary to the provisions of the ADA that prohibit a wheelchair user from being segregated or otherwise treated differently while merely trying to access public accommodations. (Complaint ¶25).

Once on board the ferry, Mr. Heard discovered that the restrooms on board were not accessible to wheelchair users. (Complaint ¶26).

Mr. Heard faced the same difficulties, obstacles and indignities while disembarking from the ferry, which were exacerbated by temporary plates being thrown in his path in order to make the disembarkation possible and resulting in his suffering humiliation and embarrassment as a result of his segregation and different treatment (Complaint ¶¶27, 31). Indeed, while trying to "help" Mr. Heard, employees of Statue Cruises twice inadvertently turned off the power on his motorized wheelchair, putting him at risk (Complaint ¶29).

Mr. Heard rode three of Statue Cruise's ferry boats that day—one from Manhattan to the Statue of Liberty, one from the Statute of Liberty to Ellis Island, and one from Ellis Island back to Manhattan. All had the same defects (Complaint ¶28).

Mr. Heard desires to visit the Statue of Liberty and Ellis Island again in the future, but is deterred by the difficulties in accessing Statue Cruises' ferry boats (Complaint ¶39). Mr. Heard therefore sues Statue Cruises for injunctive relief under the ADA (Complaint ¶40) and for damages under New York State and City Human Rights Laws (Complaint ¶¶42-47).

## ARGUMENT

### I. THE ADA IS APPLICABLE TO STATUE CRUISES' FERRIES

The ADA applies to passenger vessels, including the defendant's ferries. The Federal Register specifically states that "the Department [of Justice] does want to make it clear its view that the ADA does cover passenger vessels, including ferries, excursion vessels, sightseeing vessels, floating restaurants, cruise ships, and others", and that "passenger vessels encompassing places of public accommodation…are subject to the general nondiscrimination and policies and practices portion of (Title III of the ADA)." 56 FR 45584, 45600 (1991); 49 CFR §37.109.

Further, contrary to the defendant's argument, it is of no consequence that "there are no regulations setting forth ADA-compliant design and construction requirements of passenger vessels" (Defendant's Memorandum of Law in Support of Motion to Dismiss "Def. Memo", 7). This claim has repeatedly been rejected by the courts. For example, in *Schlesinger v. Belle of Orleans LLC*, 2015 WL 5944452 (W.D. La. 2015), plaintiff, a wheelchair user, brought an action against a riverboat alleging failure to remove architectural barriers where removal of said barriers were "readily achievable," including "an excessively steep gangway at the facilities [sic] entryway." *Id.* The defendant riverboat moved for summary judgment due to the fact that standards for new construction and alterations in the case of boats do not exist as of yet. *Id.*

In denying the defendant riverboat's motion, the court ruled that because plaintiff based his complaint on Subpart C of Title III of the ADA (specifically that plaintiff was required to "remove architectural barriers in existing facilities…where such removal is readily achievable") and did not base his Complaint on Subpart D of Title III of the ADA (which applies to new construction and alterations), the "DOJ's failure to promulgate…regulations…does not prevent other claims based on other sections of the ADA…(and) the absence of…regulations is no bar to his action under the readily achievable standard." *Id.* The court relied on the governing regulations, 28 C.F.R. §36.304(a); 28 C.F.R. §36.40156 FR 45584; 28 C.F.R. Pt. 36, App. B,, and cited numerous prior cases which applied the ADA to various types of water-borne vessels, *e.g.*, *Deck v. American Hawaii Cruises, Inc.*, 51 F.Supp.2d 1057, 1060-61 (D. Hawaii 1999); *White v. NCL America, Inc.*, 2006 WL 1042548 (S.D. Fla. 2006); *Association for Disabled Americans, Inc. v. Concorde Gaming Corp. (Goldcoast Entertainment Cruises, Inc.)*, 158 F.Supp.2d 1353, 1362, n.4 (S.D. Fla. 2001) and *Access Now, Inc. v. Holland Am. Line-Westours, Inc.*, 147 F.Supp.2d 1311, 1312-13 (S.D. Fla. 2001). *See also Spector v. Norwegian Cruise Line Ltd.*, 545 U.S. 119, 129,

135 (2005) (stating that "there can be no serious doubt" that passenger vessels such as cruise ships are "public accommodations" and would be "require(d) [to engage in] barrier removal [for wheelchair users] if it is 'readily achievable'" under Title III of the ADA).

"[A]ny element of an existing facility that does not meet or exceed the requirements of the ADA Accessibility Guidelines for Buildings and Facilities" may be an architectural barrier. *Schlesinger*, 2015 WL 5944452 at *7. In this matter, Mr. Heard alleges discrimination based on Statue Cruises' failure to remove ***existing*** barriers, including the fact that its ***existing*** gangplank could not accommodate his motorized wheelchair (Complaint, ¶¶23-25, 27-29) and its ***existing*** bathrooms are not accessible (Complaint, ¶¶26-28). Thus, Mr. Heard's claims clearly fall under the purview of the ADA.

Moreover, as the Complaint alleges, the City of New York, in Local Law 68, N.Y.C. Administrative Code §19-702 *et seq*., set specific standards for ferry boats to comply with the ADA. (Complaint ¶¶15-17). Defendant argues that Local Law 68 applies only to "commuter vessels." (Def. Memo. 4). At this stage of the litigation, before there has been any discovery, it cannot be determined if Statue Cruises' ferries are not, or in fact are, "commuter vessels." Indeed, Mr. Heard reasonably expects that discovery will show that the defendant's ferries ***are*** commuter vessels because hundreds of workers at both Liberty Island and Ellis Island commute to their jobs every day on Statue Cruises' ferries.

Finally, the fact that the City of New York has set forth detailed requirements for ferry boats to comply with the ADA – and that other ferry operators in New York harbor comply with

them - puts the lie to defendant's assertion that compliance with the ADA is somehow impossible on a water-borne vessel.[1] (Def. Memo. 2).

## II. MR. HEARD HAS STANDING TO BRING A CLAIM FOR RELIEF UNDER TITLE III THE ADA

The Second Circuit has ruled that to establish standing in a federal disability claim under the ADA, a Plaintiff need merely allege that (1) he suffered past injury under the ADA; (2) it is reasonable to infer that discrimination will continue; and (3) that it is reasonable to infer that Plaintiff intends to return to the public accommodation where the discrimination took place. *Bernstein v. City of New York*, 621 Fed. Appx. 56, 57 (2d Cir. 2015); *Pincus v. AMTRAK*, 2014 WL 5438114 (2d Cir. 2014); *Kreisler v. Second Avenue Diner Corp.*, 731 F.3d 184, 187-88 (2d Cir. 2013), citing *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008).[2]

As to the first prong of the test to establish standing in a federal ADA claim, the Second Circuit has recognized that "deterrence (is) a cognizable injury on a disability claim." *Pincus, supra*, citing *Kreisler, supra*, 731 F.3d at 188. In his Complaint, Mr. Heard has alleged that he "desires to visit the Statue of Liberty and Ellis Island in the future, but is deterred from doing so by reason of the difficulties in accessing Statue Cruises' ferry boats while in a wheelchair" (Complaint, ¶39), said difficulties including: Statue Cruises' inaccessible gangplank; the treatment of Mr. Heard by Statute Cruises' employees resulting in his segregation; Mr. Heard being put at risk after the power on his wheelchair was inadvertently turned off by Statue Cruises'

---

[1]Statue Cruises, in a footnote, inconsistently claims that its gangplanks do comply with the New York City regulations (Def. Memo. 6 n. 5). The Complaint alleges to the contrary (Complaint ¶24), and the allegations of the Complaint must be accepted as true on this motion to dismiss. *Au New Haven, LLC, supra.*

[2]Statute Cruises relies upon *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992), *Shain v. Ellison*, 356 F.3d 211 (2d Cir. 2004) and assorted caselaw outside the jurisdiction in its argument regarding requirements to prove standing. Because *Lujan* and *Shain* do not involve federal disability claims involving the ADA, and because they predate the Second Circuit's ruling in *Camarillo, supra*, and its progeny regarding the three-prong test to establish standing in a federal disability claim, these cases are inapposite to the matter at hand.

employees; and the lack of accessible bathrooms on Statue Cruises' ferries (Complaint, ¶¶23-27, 29, 31). Thus, Mr. Heard has established a cognizable injury in fact to establish standing.

As to the second prong of the test to establish standing in a federal ADA claim, Statue Cruises has submitted an Affidavit from its Chief Operating Officer and Vice President Michael Burke (the "Burke Affidavit"), which:

1. alleges, without any supporting documentary evidence, that "(s)ince the filing of this litigation, Statue Cruises has, at the recommendation of the NYC Mayor's Office for People With Disabilities, redesigned and implemented an improved plate wedge at the end of the gangplank that provides handrails to improve access to the vessels;" and
2. makes no mention of any accommodations Statue Cruises intends on providing in regard to their existing inaccessible bathrooms.

(Burke Affidavit).

Further, although Statue Cruises claims in its legal brief that "[i]t is a fact that all three of the vessels Mr. Heard rode do have restrooms that that can be used by a passenger in a wheelchair" (Def. Memo. 3), Statue Cruise's own website states that "(r)estrooms aboard ferries are not handicapped accessible."[3] This fact is confirmed by the NPS website which states "(r)estrooms aboard ferries (to the Statue of Liberty) are not handicapped accessible."[4]

Most important, Statue Cruises has taken the unambiguous position in this litigation that it is under no legal obligation to comply with the ADA (or Local Law 68). Accordingly, it is reasonable to infer that discrimination will continue without judicial relief.

As to the third prong of the test to establish standing in a federal ADA claim, this matter closely resembles the facts in *Pincus*, in which the plaintiff, a wheelchair user, alleged discrimination encountered when travelling roundtrip on Amtrak and professed an intent to use

[3] https://www.statuecruises.com/plan-your-trip/accessibility (accessed March 7, 2017).

[4] www.nps.gov/stli/planyourvisit/accessibility.htm (accessed March 3, 2017).

Amtrak's services in the future. The court found this sufficient to establish standing. *Pincus, supra*, at 89-90 (emphasis added). The same conclusion applies here. Mr. Heard alleges in the Complaint that he "desires to visit the Statue of Liberty and Ellis Island in the future" (Complaint, ¶39). Mr. Heard is also a resident of New York City (Complaint, ¶4), where the Statue Cruises terminal is located (Complaint, ¶¶21-22). Finally, it is indisputable that Statue Cruises is the exclusive provider of ferry service to and from distinct landmarks, namely the Statue of Liberty and Ellis Island (Complaint, ¶19), and therefore has no alternative accommodations to which to resort. Therefore, as in *Pincus*, Mr. Heard has established that it is reasonable to infer that he intends to return to the public accommodation where the discrimination took place, and, as such, has satisfied all three prongs of the test to establish standing in this action.

## **III**. **THE COMPLAINT IS NOT MOOT**

The Second Circuit has ruled that "a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is *absolutely clear* the allegedly wrongful behavior could not reasonably be expected to recur…this is both a stringent and a formidable burden." *Mhany Mgmt. v. Cnty. of Nassau*, 819 F.3d 581, 603-4 (2d Cir. 2016), citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 190 (2000) and *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 n. 10 (1982) (emphasis supplied). Mootness will not apply if there is a "basis for concluding that (a disabled plaintiff) will again be subjected to the same alleged wrongful conduct by (the defendant)". *Independent Living Resources v. Oregon Arena Corp.*, 982 F.Supp. 698, 771 (D.C. Oregon 1997) citing *City of Mesquite, supra*. Indeed, as the United States Supreme Court held in *Friends of the Earth*, "(i)t is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice. If it did, the courts would be compelled to leave

the defendant free to return to his old ways." *Laidlaw, supra*, 528 U.S. at 189 (2000) (citations omitted).

Defendant has not come close to meeting its "stringent and formidable burden."[5] It simultaneously, and inconsistently, claims that it was always in compliance with the ADA (Def. Memo. 3, 6 n. 5), that the ADA is not applicable to its vessels (Def. Memo. 2-3), and that it has remedied its violations of the ADA (Def. Memo. 9). However, the only thing Statue Cruises offers to support its factual contention is the the Burke Affidavit, which is woefully deficient. In terms of access to the vessel itself, the Burke Affidavit states only that "(s)ince the filing of this litigation, Statue Cruises has, at the recommendation of the NYC Mayor's Office for People With Disabilities, redesigned and implemented an improved plate wedge at the end of the gangplank that provides handrails to improve access to the vessels." Aside from failing to provide any actual proof of these alterations,[6] even if true there is no reason to believe that such purported "improvements" bring the vessels into legal compliance. Indeed, plaintiff expects discovery to show that both the plate wedge itself and Statute Cruises' purported implementation of it, are patently inadequate to ameliorate its violations and that the vessels remain inaccessible. As for the bathrooms, which Statue Cruises and the Park Service both publicly state are inaccessible, the Burke Affidavit simply makes no mention of any accommodations Statue Cruises intends to provide.

---

[5]The cases cited by defendant on this issue (Def. Memo 9-10) are distinguishable, as all involved decisions on motions for summary judgment (*e.g.*, *Azrelant v. B. Manischewitz Co.*, 2000 WL 264345 [E.D.N.Y. 2000]; *Kohler v. In-n-Out Burgers*, 2013 WL 5315443 [C.D. Cal. 2013]) or after a preliminary injunction evidentiary hearing (*Kallen v. J.R. Eight, Inc.*, 775 F.Supp.2d 1374 [S.D. Fla. 2011]). Dismissal on this ground at this stage, where there has been no discovery yet, is plainly inappropriate.

[6] Self-serving affidavits unsupported by documentary evidence have been disregarded by this Court (*see, e.g., ICC Primex Plastics Corp. v. LA/ES Laminati Estrusi Termo-Plastici S.P.A.*, 775 F.Supp. 650, 653, n.5 [S.D.N.Y. 1991]). In any event, because this is a motion to dismiss, the allegations of the Complaint must be accepted over any contrary allegations in the Burke Affidavit.

Statue Cruises' premature factual defense of having remedied its violations is plainly a insufficient – and plaintiff expects discovery to show that it is false. Thus, Statue Cruises' argument that the Complaint is moot fails on the merits.

## IV. MR. HEARD HAS PROPERLY STATED A CLAIM UNDER THE ADA

To prove discrimination under Title III of the ADA, a plaintiff must allege only that he was "discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation." *Camarillo, supra,* at 156 (2d. Cir. 2008), citing 42 U.S.C. §12182(a). The ADA's definition of discrimination includes being "segregated or otherwise treated differently than other individuals because of the absence of…services." *Id*., citing 42 U.S.C. §12182(b)(2)(A)(iii).

Moreover, the Complaint alleges that, because the gangplanks on the ferries were not properly wheelchair-accessible, Mr. Heard was "singled out for boarding (and disembarking) while other passengers watched" (Complaint ¶¶25, 27), which resulted in him being deterred from utilizing Statue Cruises' ferries (Complaint ¶39) due to his suffering humiliation and embarrassment (Complaint ¶31), itself a prima facie violation of the ADA's requirement that disabled individuals not be "segregated or *otherwise treated differently* than other individuals." *Camarillo*, *supra,* at 157, citing 42 U.S.C. §12182 (b)(2)(A)(iii) (emphasis added).[7] And, the

[7]Statue Cruises' reliance on *Stan v. Wal-Mart Stores, Inc.*, 111 F.Supp.2d 119, 124 (N.D.N.Y. 2000) (Def. Memo. 11) is totally unavailing. As the Second Circuit explained in *Camarillo, supra, Stan* involved a blind patron who was once told by a store employee that she could not bring a service dog into a store, but that employee was corrected by a store manager who apologized, permitted the plaintiff to enter the store with her dog, and took other remedial steps. *Camarillo*, 518 F.3d at 157-58. "*Stan*, therefore, does not stand for the proposition that so long as a disabled individual is permitted to (use defendant's business), she cannot have suffered injury under the ADA." *Id.*, 518 F.3d at 158.

Complaint alleges that Mr. Heard could not use the bathrooms on the ferries because they are not wheelchair-accessible (Complaint ¶26).

Therefore, Mr. Heard has clearly stated a claim in this matter.

## V. PLAINTIFF HAS JOINED ALL NECESSARY PARTIES

Finally, Statue Cruises argues that the Complaint should be dismissed because Mr. Heard, by not joining the landowners who own the ferry docks, failed to join supposedly "necessary parties." (Def. Memo. 13-14). However, Statue Cruises does not attach or cite to any legal or contractual provisions that relieve it of its own responsibility for ensuring that all passengers can equally access its ferries.

Mr. Heard's allegations are directed at Statue Cruises' own facilities, including specifically the ferries' lack of wheelchair-accessible bathrooms (Complaint ¶26), and the flaws of the gangplanks (Complaint, ¶¶23-24, 27, 30) (as well as the conduct of Statue Cruises' employees) (Complaint, ¶¶25, 29).

In any event, if it appears after discovery that any additional parties are truly necessary, the proper remedy is for this Court to order their joinder and not to dismiss the action. Fed.R.Civ.P. 19(a)(2).

## VI. ALTERNATIVELY, PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND

The Second Circuit has ruled that "(p)ursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, 'a court should freely give leave to amend when justice so requires.'" *Platt v. Inc. Vill. of Southampton*, 391 Fed. Appx. 62, 66 (2d Cir. 2010), citing Fed. R. Civ. P. 15(a)(2).

Should the Court find any portion of the Complaint to be insufficient, Mr. Heard respectfully requests leave to amend, as the issues in this case (access for all to the sole means of

ferry transportation to the Statue of Liberty and Ellis Island) are so significant that justice requires such leave to be granted. *Platt*, *supra*, citing Fed. R. Civ. P. 15(a)(2).

**CONCLUSION**

This Court should accept the allegations of the Complaint as true on this motion to dismiss, and ignore Statue Cruises' attempts to deny those allegations before any discovery has been had. Further, because of the reasons stated above, Statue Cruises' Motion to Dismiss should be denied.

Dated: New York, New York
March 9, 2017

WACHTEL MISSRY LLP

By: /s/ *Julian D. Schreibman*

William B. Wachtel
Elliot Silverman
Julian D. Schreibman
885 Second Avenue
New York, New York 10017
(212) 909-9500
wachtel@wmllp.com
jschreibman@wmllp.com
esilverman@wmllp.com