USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: ___9/30/22___

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- x
DAVID HEARD,                                                  :
                                                             :
                                        Plaintiff,            :          **16-CV-1079 (ALC)(BCM)**
                                                             :
              -against-                                      :          <u>**OPINION AND ORDER**</u>
                                                             :
STATUE CRUISES, LLC,                                         :
                                                             :
                                        Defendant.           :
                                                             :
-------------------------------------------------------------- x

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff David Heard brings this suit against Defendant Statue Cruises, LLC ("Statue Cruises"), alleging violations of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* ("ADA"), the New York State Human Rights Law, the New York Executive Law §296(2)(A) ("NYSHRL"), and the New York City Human Rights Law, New York City Administrative Code §8-107(4)(a) ("NYCHRL"). Defendant now moves for summary judgment pursuant to Fed. R. Civ. P. 56. For the reasons that follow, the Court GRANTS summary judgment.

## BACKGROUND

Unless stated otherwise, the facts are derived from the Parties' Local Civil Rule 56.1 Statements of Undisputed Material Fact, declarations, and exhibits. Where the facts are subject to legitimate dispute, they are construed in favor of the non-moving party. *See Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 283 (2d Cir. 2005).

Plaintiff David Heard is the Membership Data Coordinator at United Spinal Association. Def.'s Rule 56.1 Statement ("Def.'s Stmt.") ¶ 2.  Heard "is disabled and is dependent upon use of a wheelchair for mobility." Compl. ¶ 4, ECF No. 1. Pursuant to a concession contract with the United States Department of the Interior, National Park Service, Statue Cruises provides passenger

boat transportation for visitors to, from, and between Liberty and Ellis Islands, and Battery Park in New York City, New York and Liberty State Park in Jersey City, New Jersey. Def.'s Stmt. ¶ 1. The United States owns Liberty Island, Ellis Island and their piers, the City of New York owns Battery Park, and the State of New Jersey owns Liberty State Park. *Id*. ¶¶ 1,3, 4. The Battery Park and Liberty State Park landings are fixed height seawalls. *Id*. ¶¶ 3, 4. The Liberty Island and Ellis Island landings are fixed docks. *Id*. ¶ 5.

Heard rode the Statue Cruises' ferries in November 2015 and December 2015, riding from Battery Park to the Statue of Liberty and back to Battery Park. *Id*. ¶ 29. Heard alleges that Statue Cruises' ferry boats are not accessible to wheelchair users like himself, specifically alleging that Statue Cruises' vessels contain bathrooms and gangways that do not comply with the ADA. Compl. ¶ 2.

## DISCUSSION

Summary judgment is appropriate only where all submissions, pleadings, affidavits, and discovery materials that are before the Court, taken together, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ P. 56(c)); *see also Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247–48 (1986). "A fact is 'material' if it 'might affect the outcome of the suit under the governing law,' and is genuinely in dispute 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Liverpool v. Davis*, 442 F.Supp.3d 714, 722 (S.D.N.Y. 2020) (quoting *Anderson*, 477 U.S. at 248). "The moving party bears the initial burden of showing that there [is] no genuine dispute as to a material fact." *CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP*, 735 F.3d 114, 123 (2d Cir. 2013) (internal quotation marks and citations omitted). Courts must "resolve all ambiguities and draw all

permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks and citations omitted). However, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson*, 477 U.S. at 255. Still, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To state a claim, a plaintiff must allege: "(1) that he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. 2008). The parties only dispute the third prong.

Discrimination under the third prong includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." *O'Rourke v. Drunken Chicken in NY Corp.*, No. 19-CV-3942, 2020 WL 4013187, at *3 (E.D.N.Y. July 16, 2020) (quoting 42 U.S.C. § 12182(b)(2)(A)(iv)). The alleged discrimination here falls into this category. "The term 'readily achievable' means easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). Under this scheme, the plaintiff first must "articulate[] a plausible proposal for barrier removal, the costs of which, facially, do not clearly exceed its benefits," after which,  "the burden shifts to the defendant to prove that the proposals

were not readily achievable." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 189 (2d Cir. 2013) (internal quotation marks and citations omitted). While "[n]either the estimates nor the proposal are required to be exact or detailed," *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 373 (2d Cir. 2008), "a plaintiff must provide at least some estimate of costs," *Antolini v. Nieves*, No. 19-CV-7645, 2022 WL 4219655, at *5 (S.D.N.Y. Sept. 13, 2022) (internal quotation marks and citations omitted).

Plaintiff offers no adequate proposal for alterations and no estimated costs. The report of Plaintiff's single expert, Peggy Greenwell, did not provide any such proposals or costs, and she admitted as much in her deposition.[1] *See generally* ECF No. 111-14; see ECF No. 101-7 at 23:9-13, 75:14-25; 97:6-12. Plaintiff has also admitted that the expert report does not provide cost figures regarding any proposed barrier removal. See Pl.'s Rule 56.1 Statement ¶ 23, ECF No. 110. For the first time in his opposition, Plaintiff presents as a proposed accommodation a design contained within confidential work product prepared by Defendant's expert for a different client. *See* ECF No. 98 at 1–2. This work product was not included in Greenwell's report nor discussed by Greenwell at any point, it was not included in any discovery materials, and it was not raised by Plaintiff until shortly after Defendant presented its arguments for the present motion in September 2021, more than five years after this action commenced. Such a proposal made at the eleventh hour does not pass muster. Therefore, the Court denies Plaintiff's ADA claim.

---

[1] Plaintiff's opposition mentions in passing that Greenwell's report did propose a floating barge solution. *See* ECF No. 107 at 19. In actuality, Greenwell's report only briefly alludes to a "floating structure." *See* ECF No. 111-14 at 24–25 ("While this [a 60 feet long gangway] is not practical for a gangway that is carried on the vessel, there are other solutions, including boarding systems that incorporate a series of gangways or ramps on the land or on a floating structure."). Regardless, Plaintiff does not propose Greenwall's unspecified "floating structure" as the proposal and instead explicitly proposes the idea of Defendant's expert. Further, Greenwell's general reference to a "floating structure" is surely insufficient to satisfy the requirement that the proposal be "easily accomplishable and able to be carried out without much difficulty or expense."

I decline to exercise jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3) (providing that the district court "may decline to exercise supplemental jurisdiction" once the court "has dismissed all claims over which it has original jurisdiction"). "In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998). As the Court has dismissed all federal claims, the Court declines to exercise supplemental jurisdiction over the state law claims.

## CONCLUSION

For the reasons stated, Defendant's motion for summary judgment is GRANTED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 100 and close this case.

**SO ORDERED.**

**Dated: September 30, 2022**
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**